WILLIAM H. BAILEY v. TOD R. CALDWELL, Governor, &c.

Chapter 16, section 1, Laws of 1870-'71, purporting to repeal altogether section 8, chapter 41, of the Ordinances of the Convention of 1868, which fixes the compensation of the Commissioners to report a Code of Civil Procedure, &c., is unconstitutional and void.

(*Cotton* v. *Ellis*, 7 Jones, 545; and *King* v. *Hunter*, 65 N. C. Rep. 603, cited and approved.)

CIVIL ACTION, of the nature of a *mandamus*, submitted to *Watts, J.*, and by him determined at January Term, 1873, of the Superior Court of WAKE county.

The facts agreed and submitted to his Honor, and the questions arising thereon, to be determined by him, are as follows:

On the 1st day of November, 1870, the plaintiff was duly appointed by his Excellency, Gov. Holden, one of the Commissioners to prepare a Code of practice and procedure in the different Courts, under secs. 2 and 3 of Art. 4 of the Constitution, and under an ordinance of the Convention, entitled An Ordinance appointing commissioners, &c., ratified the 13th day of March, 1868, *vice* V. C. Barringer, Esq., who had theretofore resigned his office as one of said commissioners.

2. That by virtue of the provisions of the said sections of the Constitution and sec. 8 of the ordinance aforesaid, the plaintiff as commissioner as aforesaid, was entitled to have received a salary of $200 per month whilst actually engaged in the performance of his duties as said Commissioner ; and by sec. 4 of said ordinance he was entitled to hold his office until the 13th of March, 1871.

3. That plaintiff accepted the office on the 2d day of September, 1870, and was actually engaged in the performance of his duties of said office, until the 13th day of March, 1871.

4. That on the 20th day of December, 1870, the Legislature of the State passed an act purporting to repeal sec. 8, chap. 41, of the ordinance aforesaid.

5. That for his services as commissioner as aforesaid, from the 1st day of February, 1871, until the 13th day of March, 1871, the plaintiff has received no compensation.

6. That he hath demanded of the defendant, who was at the time of such demand, and yet remains the Governor of the State of North Carolina, a warrant upon the Public Treasurer of said State for the amount of said compensation, to-wit: the sum of $286.

7. That the defendant has refused to issue a warrant for said sum, or any other sum in that behalf.

The question submitted to the Court, for decision, is whether the plaintiff is entitled to the said compensation, and to receive therefor from the defendant a warrant upon the Public Treasurer. If his Honor should be of opinion that the plaintiff is so entitled, then a judgment that a peremptory writ of *mandamus* issue accordingly; otherwise, judgment against the plaintiff for costs.

His Honor, after agument, says:

" Plaintiff claims under secs. 2 and 3 of Art. 4 of the Constitution, and under the provisions of chap. 41, of the Ordinances of the Convention, ratified 13th day of March, 1868, secs. 4 and 8.

Article 4, sec. 2 of the Constitution provides "that three commissioners *shall* be appointed by this Convention to report to the General Assembly at its first session rules of practice and procedure, and shall provide for the commission a *reasonable compensation*." Section 3 of the same article provides, that the same commission shall report to the General Assembly, as soon as practicable, a *code of the laws of North Carolina*, and that the Governor shall have power to fill all vacancies occurring in this commission."

Chapter 41, sec. 4, of an ordinance of the Convention provides that the commissioners shall hold their office for three years, &c.; and sec. 8 of the same ordinance provides that each of the commissioners shall receive a salary of $200 per

month, while actually engaged in the performance of his duties as such, &c.

Chapter 16, sec. 1, of the laws of 1870–'71, ratified 20th day of December, 1870, repeals sec. 8 of chap. 41 of the ordinances of the Convention, which provides that each commissioner shall receive $200 per month.

The question is : Is the plaintiff entitled to pay for services rendered from 1st February, 1871, to the 13th March, 1871, after the ratification of the act of the General Assembly, which was on the 20th December, 1870 ?

I am of opinion that this act of 20th December, 1870, is in contravention of secs. 2 and 3 of Art. 4 of the Constitution, and therefore void. That while the Legislature might perhaps alter, amend or repeal an ordinance of the Convention which fixes a salary, yet if the Convention (as in this instance) provides that a reasonable compensation shall be made for the services mentioned, the Legislature could not abolish altogether the pay or salary without fixing another compensation which they deem *reasonable.*

It may be contended that as an ordinance of this Convention is of itself legislation, that it is the subject of repeal by subsequent legislation. This may be true, but then it would leave the amount that the plaintiff is entitled to under the 2nd sec. of Art. 4, an open question. This point is, however, not taken by the defendant upon the facts agreed.

Therefore, I decide that the plaintiff is entitled to the compensation claimed, and to receive from the defendant a warrant therefor, for which he is further entitled to a peremptory writ. Judgment accordingly, and for costs."

Defendant appealed.

*Attorney General Hargrove,* for appellant.
*Fowle,* contra.

READE, J. The case of *Cotton* v. *Ellis,* 7 Jones 545, is di-

rectly in point. Cotton had been appointed Adjutant General for three years, with a salary of $200. The Legislature passed an act repealing the law under which Cotton had been appointed, both as to his appointment and salary. Cotton served out his term and demanded pay, which the Governor, Ellis, refused. And this Court decided that he was entitled to it. The principles of that case are the same as in this, and it is unnecessary to repeat them. See also *King* v. *Hunter*, 65 N. C. Rep. 603.

There is no error.

